**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO JOURNEYMEN PLUMBERS UNION, LOCAL 130, U.A., | ) |
| | ) |
| | ) Case No. 1:26-cv-03991 |
| Plaintiff, | ) |
| | ) Hon. LaShonda A. Hunt |
| v. | ) |
| | ) Magistrate Judge Gabriel A. Fuentes |
| RPM PLUMBING, LLC, | ) |
| | ) |
| Defendant. | ) |

**JOINT INITIAL STATUS REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's standing order for new cases, Plaintiff Chicago Journeymen Plumbers Union, Local 130, U.A. ("Local 130" or the "Union") and Defendant RPM Plumbing, LLC ("RPM") submit this Joint Initial Status Report.

### I.     The Nature of the Case

a. **Attorneys of Record.** The attorneys of record are as follows:

*For Plaintiff Chicago Journeymen Plumbers Union, Local 130, U.A.:*

Gregory W. Hosé (lead trial attorney), Andrew S. Pigott, and Kyle R. Sullivan, Gregorio, Stec, Klein & Hosé, LLC, 2 N. LaSalle Street, Suite 1650, Chicago, Illinois 60602; (312) 263-2343; ghose@gregoriolaw.com, apigott@gregoriolaw.com, ksullivan@gregoriolaw.com.

*For Defendant RPM Plumbing, LLC:*

Todd A. Miller (lead trial attorney), Allocco, Miller & Cahill, P.C., 20 N. Wacker Drive, Suite 3517, Chicago, Illinois 60606-2806; (312) 675-4325; tam@alloccomiller.com.

b. **Nature of the Claims.** Local 130 brings this action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Local 130 and RPM are bound to a collective bargaining agreement through a Memorandum of Agreement adopting the Plumbing Contractors Association collective bargaining agreement (the "CBA"). The Complaint asserts two claims. First, Local 130 seeks confirmation and enforcement of the unanimous Joint Arbitration Board Decision and Award issued September 23, 2025 (the "JAB Award"), which found that RPM violated the CBA. Second, Local 130 alleges that RPM

breached Section 6.8 of the CBA by failing to obtain and maintain the required bond after its bond was cancelled on August 26, 2024, and seeks liquidated damages under that Section. RPM has not yet responded to the Complaint. No counterclaims or third-party claims have been asserted.

c. **Major Legal and Factual Issues.** The principal issues are: (1) whether the JAB Award should be confirmed and enforced; (2) whether RPM breached Section 6.8 of the CBA by failing to obtain and maintain the required bond; (3) the amount of liquidated damages, fines, and other relief due under the CBA and the JAB Award, including amounts that continue to accrue; and (4) the defenses RPM may assert once it responds to the Complaint. RPM has appeared but has not yet articulated its position or defenses.

d. **Relief Sought.** Local 130 seeks an order confirming and enforcing the JAB Award, a judgment for RPM's breach of Section 6.8 of the CBA, liquidated damages and accruing amounts due under the CBA and the JAB Award, an order requiring RPM to obtain and maintain the required bond, and its attorneys' fees, costs, and interest as provided by the CBA and applicable law. RPM has not yet stated the relief, if any, it will seek.

## II. Jurisdiction.

This Court has subject matter jurisdiction over Local 130's claims.

a. **Federal Question.** Jurisdiction is based on federal question under 28 U.S.C. § 1331 and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which vests the district courts with jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce.

b. **Diversity or Supplemental Jurisdiction.** Not applicable. Local 130 does not rely on diversity or supplemental jurisdiction.

## III. Status of Service

No defendants remain unserved. RPM was served on April 13, 2026, and appeared through counsel on May 19, 2026. The question previously raised regarding service on RPM's registered agent is now moot in light of RPM's appearance.

## IV. Consent to Proceed Before a United States Magistrate Judge

Counsel have advised the parties that they may proceed before a United States Magistrate Judge upon unanimous consent. The parties do not unanimously consent and elect to proceed before the District Judge.

## V. Motions

2

    a. **Pending Motions.** None. Local 130's motion for entry of default and default judgment (ECF No. 11) was terminated as moot by the Court's May 22, 2026, order following RPM's appearance.

    b. **Response to the Complaint.** RPM has appeared but has not yet responded to the Complaint. As directed by the Court's May 22, 2026, order, the parties have met and conferred and continue to confer regarding RPM's response, including whether RPM will seek an extension of time to respond and whether it will answer or move. The parties will promptly advise the Court once RPM's response date and method are determined.

## VI. Case Plan

    a. **Discovery Plan.** The parties propose the following discovery plan:

        i. **Type of Discovery Needed.** The parties anticipate written discovery, including interrogatories, requests for production, and requests for admission, and document discovery and depositions concerning the CBA, the Joint Arbitration Board proceedings and Award, RPM's bonding, and damages. The parties expect discovery to be limited in scope.

        ii. **Rule 26(a)(1) Disclosures.** June 30, 2026.

        iii. **First Date to Issue Written Discovery.** July 14, 2026.

        iv. **Deadline to Amend Pleadings and Join Parties.** July 28, 2026.

        v. **Fact Discovery Completion.** November 27, 2026.

        vi. **Expert Discovery.** The parties do not anticipate the use of experts and therefore propose no expert discovery dates.

        vii. **Dispositive Motions.** The parties anticipate filing dispositive motions and propose a dispositive motion deadline of December 28, 2026, subject to the Court's practice of setting a briefing schedule once discovery is complete.

    b. **Trial.** The parties state the following with respect to trial:

        i. **Jury Trial.** No jury trial is requested.

        ii. **Probable Length of Trial.** The parties estimate that trial would take no more than two days.

## VII. Status of Settlement Discussions

    a. **Whether Discussions Have Occurred.** Yes. The parties have engaged in preliminary settlement discussions.

b. **Status of Discussions.** Settlement discussions remain at a preliminary stage and are ongoing.

c. **Settlement Conference.** The parties do not request a settlement conference currently.

Respectfully submitted,

CHICAGO JOURNEYMEN PLUMBERS
UNION, LOCAL 130, U.A.

By: */s/ Kyle R. Sullivan*
    One of Its Attorneys

Gregory W. Hosé
Andrew S. Pigott
Kyle R. Sullivan
Gregorio, Stec, Klein & Hosé, LLC
2 N. LaSalle Street, Suite 1650
Chicago, Illinois 60602
(312) 263-2343
ksullivan@gregoriolaw.com

Respectfully submitted,

RPM PLUMBING, LLC

By: */s/ Todd A. Miller*
    One of Its Attorneys

Todd A. Miller
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, Illinois 60606-2806
(312) 675-4325
tam@alloccomiller.com

4